917 F.2d 22
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant,
Joseph W. Teague, Helen B. Teague, Steven Allen Barker, Rita
Strahowski, Swannee Beck, Karen Perez Tucker, Lifetime
Partners of PTL, as representatives of a class consisting of
160,904 Lifetime Partners and of 29,805 persons who have
partially paid for Lifetime Partnerships, Plaintiffs-Appellees,
v.
James O. BAKKER, David A. Taggart, Aimee Cortese, Roe
Messner, a/k/a Ronald Messner, Messner Enterprises,
Commercial Builders of Kansas, Inc., Laventhol & Worwath,
William J. Spears, C.P.A., Deloitte Haskins & Sells, Rock
Hill National Bank and John Does 1-10, Defendants-Appellees.
 No. 90-1534.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 12, 1990.
Decided Oct. 18, 1990.
 
 Before MURNAGHAN, WILKINSON and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 National Union Fire Insurance Company of Pittsburgh (National Union) seeks to intervene in the case of Teague, et al. v. Jim Bakker, et al, pending in the Western District of North Carolina, for the limited purpose of proposing special interrogatories, verdicts and/or instructions to the jury to resolve a potential insurance coverage question. Teague and the other plaintiffs sued Jim Bakker and the other defendants for refunds of the payments made for life-time partnerships in Heritage Village Church and Missionary Fellowship ("PTL"). The plaintiffs' claims were initially based on allegations of dishonesty by the defendants. In May 1990, however, they amended their complaint to add claims based on negligence. National Union, who issued insurance policies to the defendants, now would like a jury finding in the underlying case which would distinguish whether any award entered there was based on dishonesty of the defendants or on their negligence, because acts brought about by or contributed to by dishonesty are excluded from coverage of the policies.
 
 
 2
 On August 21, 1990, National Union filed its motion to intervene in the underlying action, and on September 27, 1990, the district judge denied the motion, observing that the motion was filed only two months before the commencement of trial.
 
 
 3
 National Union has appealed from the order of the district judge denying the right to intervene and has filed an emergency motion to expedite appeal. On October 12 we granted the motion for expedited appeal, noting that our decision would be made on the papers, without oral argument, provided the court receive papers by Wednesday, October 17. After a review of the papers submitted, we affirm.
 
 
 4
 In addition to the complicating impact on the continuing litigation, with which the district judge was obviously concerned, if National Union were allowed to intervene in the underlying action in which its insureds are parties, we would be concerned with its intolerable position in the litigation that is potentially hostile to its own insureds. In its brief National Union described the very differences in approach which would be taken by it and by its insureds. On the other hand, if National Union's motion to intervene were denied, its interest to resolve insurance coverage issues would not be prejudiced, because open issues, if any, could be litigated at a later time.
 
 
 5
 National Union's contention that the court's decision in Atlantic Permanent Federal Savings and Loan v. American Casualty Co., 839 F.2d 212 (4th Cir.), cert. denied, 486 U.S. 1056 (1988), would preclude National Union's subsequent litigation of its insurance obligations is an overstatement. The policy provision in that case excluded coverage for dishonesty of directors or officers only if "a judgment or other final adjudication thereof adverse to the directors or officers shall establish that acts of active and deliberate dishonesty committed by the directors or officers with actual dishonest purpose and intent were material to the cause of actions so adjudicated." (Emphasis added.) Because no adjudication to that effect had taken place, the court there agreed with the district court that the condition of the exclusion had not been met. That holding was contractually specific.
 
 
 6
 For the reasons given, the order denying the motion of National Union to intervene is hereby
 
 
 7
 AFFIRMED.